## W. C. WISDOM V. J. H. WIDENER.

No. A-6745. Decided July 9, 1958.
Rehearing Overruled October 8, 1958.
(316 S.W. 2d Series 148)

---

*John B. Stapleton,* of Floydada, for petitioner.

The trial court erred in establishing as the true boundary a line connecting certain points in the absence of evidence to establish such line as the true boundary. Hawkins v. Nye, 59 Texas 97; Gilbert v. Finberg, 156 S.W. 507, dismissed w.o.j.; Kirby Lumber Co. v. Adams, 127 Texas 376, 93 S.W. 2d 382.

*Wilson P. Kermickel,* of Lockney, and *Richard F. Stovall,* of Floydada, for respondents.

In rebuttal cited the cases of Banks v. Collins, 152 Texas 265, 257 S.W. 2d 97; Hill v. Fister, 143 Texas 482, 186 S.W. 2d 343; Glenn v. Glenn, 183 S.W. 2d 231.

MR. JUSTICE CULVER, delivered the opinion of the Court.

The respondent, J. H. Widener, owner of Section 71, Block G in Floyd County, brought this action against the petitioners, Wisdom and Ratliff, to establish the boundary line between Section 71 and Section 58 that adjoins on the south, and in trespass to try title. Ratliff owns the NW/4 of Section 58 and Wisdom owns a 53.2 acre tract out of the northeast corner of the NE/4 of Section 58 as shown by the following plat. (Not drawn to scale).

Section 71

(Widener)

The respondent claims the boundary line between these two sections to be the line BA. The petitioners maintain that the boundary line between the two sections was and is uncertain and doubtful that by agreement and acquiescence for many years, the line YXFE had been recognized as the common boundary. The petitioners also claimed the land lying between these two lines under the ten-year statute of limitations. The trial court held against petitioners on their claim of acquiescence and limitations and fixed the boundry as the line DB. The Court of Civil Appeals affirmed. 309 S.W. 2d 496.

We sustain petitioners' first point of error to the effect that the evidence reflected only two possible boundary lines between the two surveys, inconsistent with each other; that the trial court erred in establishing as the true boundary a line connecting the terminus of one with the terminus of the other, there being no evidence that the line so established is the true boundary. We think the Court of Civil Appeals was in error in affirming the judgment.

The only witness offered by the parties as to the location of the true boundary line was the county surveyor. He testified that in 1953 he located the boundary between these two surveys as the line BA, known as the "transit" line. The witness further testified that a year later he fixed the northeast corner of Wisdom tract at the point D, 6.7 feet north of the line AB. If Point D was the northeast corner of Wisdom's tract, it was also the northeast corner of survey 58. From this point the surveyor projected a line west from point D and parallel to the transit line to point H and thence to points G, C and D, thus enclosing

the Wisdom tract. The patent to survey No. 71 shows this survey to be in the form of a square and the northeast corner of survey 58 to be the southeast corner of survey 71.

The Court declined to accept either the transit line or a prolongation of the line DH as the boundary, but to the contrary accepted the point D as the northeast corner of section 58 and the southeast corner of section 71, and the point B on the transit line as the northwest corner of section 58 and the southwest corner of section 71, and established the line between these two points as the correct boundary between the two surveys. Under the testimony in this case we conclude that there is no support for that finding by the trial court. In other words, even if the court would have been justified in reaching the conclusion that a projection of the line DH was the true boundary or that the line AB was the true boundary, nevertheless the evidence affords no basis for the boundary to be fixed by the drawing a line from a point in one possible boundary to a point in the other.

The remaining points of error asserting that the courts below erred in refusing to hold that petitioners had established the line YXFE by acquiescence and their limitation title under the ten-year statute of limitation as a matter of law, have been examined and are overruled.

The judgments of the trial court and the Court of Civil Appeals are reversed and the cause remanded to the trial court for further proceedings.

Opinion delivered July 9, 1958.

Rehearing overruled October 8, 1958.